IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

Patrik C. McCall and Malinda McCall,

    Plaintiffs,

v.                                              Case No. 16-CIV-457-RAW

State Farm Fire and Casualty Company,

    Defendant.

_____

## PRETRIAL ORDER

Following the Pretrial Conference, IT IS SO **ORDERED:**

On July 27, 2017, the Court conducted a Pretrial Conference. Attending the Pretrial Conference on Plaintiffs' behalf were David Youngblood and Steven K. Mullins. Attending the Pretrial Conference on State Farm Fire and Casualty Company's behalf was John S. Gladd.

The Court has granted summary judgment to Defendant for breach of the duty of good faith and fair dealing as well as the claim for punitive damages. See Docket #53. For that reason, matters relating to those claims have not been included in this Order. This includes any damages, witnesses, and exhibits which relate in whole to the bad faith and punitive damages claims. By not including those claims in the Pretrial Order, the parties are not waiving their right to appeal the Court's summary judgment ruling after the trial in this matter. Because the Court ruled on the bad faith claim at summary

judgment state, it is not necessary for the parties to make a record at trial to preserve their respective rights to appeal the summary judgment ruling.

The Court denied the Defendant's Motion to Exclude the Plaintiff's expert witness. This matter is also preserved by the Defendant for appeal following trial of this matter.

**I. This is an action for breach of contract.**

The parties to this case are the plaintiffs, Patrik Clay McCall and Malinda McCall, and the defendant, State Farm Fire and Casualty Company.

Plaintiffs, Patrik C. McCall ("Clay") McCall, and Malinda McCall, formerly husband and wife, were the owners of a home built in 1995, which they purchased in 2002. On April 14, 2011, Plaintiffs' home received hail damage as a result of a tornado in the area. State Farm inspected the loss and created an itemized estimate. The home suffered damage from the storm. Hail damage occurred to the roof, windows, and portions of the home. The State Farm Estimate conceded that the damage would require the complete replacement of the roof of the home and roof of the detached garage with the same materials and type of roofing in place at the time of the storm. Plaintiffs later disputed the value and amount of the State Farm Estimate.

Plaintiffs, Patrik C. McCall ("Clay") McCall, and Malinda McCall filed this lawsuit against State Farm Fire and Casualty Company to recover damages for its alleged breach of the Insurance Policy for failure to pay insured damage amounts. Specifically, Clay and Malinda McCall claim that State Farm breached the Insurance Policy by

refusing payment of the full amount owed them under the insurance policy for repair of the damage caused by the April 14, 2011 storm.

State Farm denies that it breached the Insurance Policy and claims that it paid all amounts owed under the insurance policy. State Farm further denies that Plaintiffs are entitled to any damages.

Defendant State Farm asserts the following affirmative defense:

Statute/contractual limitations 36 O.S. §3617.

Accord and Satisfaction

Laches

Payment

Estoppel

Unclean Hands

## II. Remedies

Plaintiffs seek the following damages for their causes of action identified in Section I, above:

*Damages for Breach of Contract*: Lost policy benefit $250,000.00

To the extent permitted, both Plaintiffs and Defendant seek recovery of attorneys' fees, interest, and costs of this action in the event they are a prevailing party.

**III. Federal jurisdiction**

Plaintiffs are residents of the State of Oklahoma. Defendant is a corporation with its principal place of business in another state. Under 28 U.S.C. § 1332, this Court has jurisdiction by reason of the diversity of citizenship of the parties.

**IV. The following facts, and issues of law, are admitted and require no proof:**

*A. Undisputed Issues of Fact*

1.  Jurisdiction is proper.

2.  Plaintiffs, Patrik Clay McCall and Malinda McCall, were the named insureds on a State Farm Homeowners Policy covering property located at 144 Chicken Fight Road, Atoka, Oklahoma 74525, with a Policy Period of October 15, 2010 to October 12, 2011.

3.  On April 14, 2011, Plaintiffs' home was damaged by a storm.

4.  The home was insured with State Farm through a local agent by the name of Steve Crow.

5.  On April 18, 2011, Plaintiffs reported storm damage to the home.

6.  On April 20, 2011, an adjuster hired by State Farm, Robert Schick, spoke with Clay McCall by telephone and scheduled an inspection of the home.

7.  On May 3, 2011, adjuster Robert Schick met Plaintiff Clay McCall at the property to inspect the loss.

8.  On May 4, 2011, State Farm completed the State Farm Estimate. On that same day, May 4, 2011, adjuster Robert Schick met with Clay McCall at the home and provided Clay McCall with a copy and explanation of the State Farm Estimate.

*B. Undisputed Issues of Law*

1.      In order for the plaintiffs to recover on the claim for breach of contract against Defendant State Farm, they are required to prove by the greater weight of the evidence, that they were covered under the Insurance Policy, that Defendant State Farm breached the Insurance Policy by either denying coverage or denying proper payments; and that they suffered damages as a direct result of the breach.

**V. The reservations as to the facts recited in Paragraph IV are as follows:**

The parties have no reservations regarding the admissibility of the facts recited in Paragraph IV.

**VI. The following facts, though not admitted, are not to be contested at the trial by evidence to the contrary:**

The parties have no facts that are not to be contested except those listed in Paragraph IV above.

**VII. The parties agree the following issues of fact, and no others, remain to be litigated upon the trial:**

1. Whether Plaintiffs' claim for breach of contract is barred by the applicable one-year statute of limitations set forth in the Policy. More particularly, whether the insurer's investigation of the McCall's insurance claims continued past April 13, 2012.

2. Whether Plaintiffs establish the elements of their claim for of breach of contract.

3. Whether Plaintiffs cooperated with State Farm's investigation.

4. The nature, substance, and extent of communications between Plaintiffs and State Farm.

5. The nature and extent of Plaintiffs' alleged damages, including, but not limited to, whether and to what extent Plaintiffs suffered actual damage as a direct result of any breach of contract.

6. Whether Defendant breached the insurance contract by failing to pay an appropriate amount for the repairs to the Plaintiffs' home.

7. Whether Plaintiffs have sought compensation for repairs and/or estimates for repairs to items not damaged by the storm on April 14, 2011.

8. Whether Plaintiffs are seeking insurance benefits for general repairs and upgraded remodeling not related or caused by the storm on April 14, 2011.

9. Whether Defendant breached the insurance contract by failing to pay for all damages to the home caused by the storm.

## VIII. Exhibit Lists for Each Party:

A. Plaintiffs' Exhibit List

*Exhibit #*     *Description*                                                    *Objection*

| Exhibit # | Description | Objection |
|---|---|---|
| 1 | State Farm Fire and Casualty Company's Homeowners Policy No. 36-CZ-9281-5 in effect at the time of the damage in question. | |
| 2 | State Farm Fire and Casualty Company's Fire Claim File Print / File History Information regarding the claim in question. | |
| 3 | Contract between Eldridge Construction (Russell | |

|   | | |
|---|---|---|
|   | Eldridge) and Clay McCall dated April 15, 2013 regarding repairs to the McCall home. | |
| 4 | Photographs (42) taken by Clay McCall of the damage and/or repairs to the McCall home. | |
| 5 | Photographs (219) taken by Public Adjuster, Alice Young, of Brown-O'Haver of the damage and/or repairs to the home. | |
| 6 | Torres Roofing (Edgar Torres) Estimate of repairs to the roof of the McCall home. | |
| 7 | List of Damages to McCall home. | |
| 8 | Bid and Price Verification of Public Adjuster, Alice Young, of Brown-O'Haver | Authentication, Foundation, Relevance, not previously produced or identified during discovery |
| 9 | Paramount Disaster Services (Lance Hindman) Roof Verification | Hearsay, Authentication, Foundation |
| 10 | State Farm Fire and Casualty Company's Explanation of Building Replacement Cost Benefits. | |
| 11 | Any and all exhibits offered and/or admitted by Defendant, State Farm Fire and Casualty Company. | |

B. <u>Defendant's Exhibit List</u>

## **EXHIBITS**

| No. | Exhibit |
|---|---|
| 1. | State Farm Claim File |
| 2. | Subject policy of insurance. |
| 3. | Photographs of Plaintiffs' residence and property. |
| 4. | Mike Berryman's Expert Report with Attachments |
| 5. | All exhibits endorsed by Plaintiffs, not objected to by Defendant. |

7

**IX. The following witnesses will be called:**

A. <u>Plaintiffs' Witness List</u>

*Witness Name*          *Proposed Testimony*          *Objection*

| Witness Name | Proposed Testimony | Objection |
|---|---|---|
| 1. Patrik C. McCall | Testimony regarding all matters at issue in this case. | |
| 2. Malinda McCall | Testimony regarding all matters at issue in this case. | |
| 3. Steve Crow | Testimony about policy, history with the Plaintiffs, actions during claim process, conversations with the Plaintiffs and State Farm officials, and opinions as to fair dealing. | |
| 4. Russell Eldridge | Testimony regarding damage, repairs and repair costs. | |
| 5. Justin Dallal | Testimony about his observations of the damage to the McCall home, conversations with the Plaintiffs, and the actions of Defendant, State Farm and its hired adjuster. | |
| 6. Alice Young | Expert testimony regarding damage, loss, and industry standards of practice, including fair dealing. | Objection, Previous Motion to Exclude |
| 7. Brian Cathey | Testimony regarding day of storm damage, loss and damage, and general information regarding the home of the Plaintiffs. | |
| 8. Jim Cathey | Testimony regarding construction of the home, damage, loss and repairs. | |

B. <u>Defendant's Witness List</u>

## **WITNESSES**

| No. | Name and Address | Subject Matter of Discoverable Information |
|---|---|---|
| 1. | Patrik McCall<br>c/o Lytle, Soule & Curlee<br>119 N. Robinson Ste. 1200<br>Oklahoma City, OK 73102 | Expected to have testimony concerning the allegations in Plaintiffs' Petition/deposed. |
| 2. | Malinda McCall<br>c/o Lytle, Soule & Curlee<br>119 N. Robinson Ste. 1200<br>Oklahoma City, OK 73102 | Expected to have testimony concerning the allegations in Plaintiffs' Petition/deposed. |
| 3. | Steve Crow<br>311 S. Mississippi Ave<br>Atoka, OK 74525 | Plaintiffs' State Farm agent. Expected to have testimony concerning procurement of Plaintiffs' insurance policy and contact with Plaintiffs. |
| 4. | Russell Eldridge<br>Eldridge Construction<br>900 S. Gin Ave.<br>Atoka, OK 74525 | Contractor retained by Plaintiffs. Expected to have testimony concerning its estimate to repair damages to Plaintiffs' residence, condition of Plaintiffs' residence, repairs to Plaintiffs' residence, communication with other witnesses in this matter. |
| 5. | Patricia Roberts | Expected to testify concerning the investigation, inspection, handling and supervision of Plaintiffs' claim which is the basis of this suit, as well as communication with other witnesses in this matter. |
| 6. | Robert Schick | Expected to testify concerning the investigation, inspection, handling and supervision of Plaintiffs' claim which is the basis of this suit, as well as communication with other witnesses in this matter. |
| 7. | Mike Berryman<br>Berryman Enterprises<br>426 NW 5th St. | Expert retained by State Farm. Expected to have testimony concerning estimates to repair damages to Plaintiffs' residence, condition of Plaintiffs' residence, repairs to Plaintiffs' |

|    | Oklahoma City, OK 73102 | residence, communication with other witnesses in this matter. |
|----|-------------------------|---------------------------------------------------------------|
| 8. | Any necessary rebuttal witnesses as needed. | |
| 9. | All witnesses listed by Plaintiffs not objected to by Defendant. | |

**X. ALL discovery has been completed.**

**XI. All pending motions and the corresponding dates of filing.**

There are no pending motions.

**XII. The parties agree the following issues of law, and no others, remain to be litigated upon the trial**

1. Whether Plaintiffs' claim for breach of contract is barred by the applicable one-year statute of limitations set forth in the Policy.

2. Whether Plaintiffs establish the elements of their claim for of breach of contract.

3. The nature and extent of Plaintiffs' alleged damages, including, but not limited to, whether and to what extent Plaintiffs suffered (i) actual damage as a direct result of any breach of contract or bad faith; (ii) any damages as a result of any conduct of State Farm.

4. Whether Defendant breached the insurance contract by failing to pay an appropriate amount for the repairs to the Plaintiffs' home.

> 5. Whether Defendant breached the insurance contract by failing to pay for all damages to the home caused by the storm.

**XIII. The possibility of settlement of this case has been explored with the following results:**

The parties participated in a settlement conference before U.S. Magistrate Judge Shreder. It presently appears that settlement is unlikely.

**XIV. All counsel and parties consent to a Magistrate Judge handling the jury selection in this matter.**

**XV. The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues of fact and law remaining to be litigated, this order shall supersede the pleadings and govern the course of the trial of this cause, unless modified to prevent manifest injustice. Rule 16, Federal Rules of Civil Procedure.**

Dated this  7th  day of August, 2017.

*[signature: Ronald A. White]*

_____
HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA

Approved as to form and content:

   s/ *Steven K. Mullins*
Michael C. Felty, OBA # 10804
Steven K. Mullins, OBA # 6504
LYTLE, SOULÈ & CURLEE, P.C.
1200 Robinson Renaissance
119 North Robinson Avenue

Oklahoma City, OK 73102
Telephone: (405) 235-7471
Facsimile: (405) 232-3852
felty@lytlesoule.com
mullins@lytlesoule.com

David Youngblood, OBA # 11021
Youngblood Law Office
215 E. Court Street
P.O. Box 540
Atoka, OK  74525
Telephone: (580) 889-3511
Facsimile: (580) 889-7149
youngbloodlaw@sbcglobal.net
*Attorneys for Plaintiffs*
*PATRIK C. MCCALL and MALINDA MCCALL*


 s/ *J. Andrew Brown*
 J. Andrew Brown
 John S. Gladd
 Andrew G. Wakeman
 Atkinson, Haskins, Nellis, Brittingham,
 Gladd & Fiasco, P.C.
 525 South Main Street, Suite 1500
 Tulsa OK  74103-4524
 *Attorneys for Defendant*
*STATE FARM FIRE AND CASUALTY CO.*